# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**KENDALL LASHAWN CAMPBELL** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:10-CR-111 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
- ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 34, unmarried, unemployed, but well educated. He has a lengthy criminal history which demonstrates a rather extensive disregard for his legal obligations. He has two previous drug convictions; a conviction in this court for being a felon in possession of a firearm (he self-reported for a 21-month prison term but subsequently violated his supervised release and was returned to prison when he committed a drug offense while on supervised release); two convictions for domestic violence (served time in jail in both cases for violating his probation), and was convicted of assaulting/resisting/obstructing a police officer in Kalamazoo (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that there are no conditions or combination of conditions that will assure the appearance of the defendant or the safety of the community in light of the unrebutted presumption. Alternatively, even in the absence of the presumption, the government has shown by a preponderance of the evidence that no conditions will assure the defendant's presence for court in light of his demonstrated record of repeatedly failing to appear for court proceedings over the years.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 4, 2010

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

(where he also served time in jail for violating his probation). He has several lesser convictions as well. Significantly, however, defendant failed to appear for an arraignment on May 26, 1995, he failed to appear in regard to a domestic violence charge in 1996, he failed to appear for a pretrial conference in January 1997, he was cited for contempt of court for appearing late and causing a jury trial to be rescheduled in 2002, and it appears he was found in contempt of court for a bond violation in that case as well. In 2005, it appears defendant failed to appear for pretrial matters on three occasions, failed to appear at a pretrial conference in 2008, and was cited for contempt of court for failing to appear at a subsequent arraignment the following month.

**Part II - Written Statement of Reasons for Detention** - (continued)